570 F.2d 877
 Fed. Sec. L. Rep. P 96,313
Vern CROWLEY, Richard Mansfield, Jerry Wall, Douglas Barton,
Jayne Barton, William Dubois, Wendell Winegar,
David Dittman, Plaintiffs-Appellants,
v.
MONTGOMERY WARD & CO., INC., Defendant-Appellee.
 No. 76-1653.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Nov. 14, 1977.
Decided Feb. 3, 1978.
 
 Robert J. DeBry, Salt Lake City, Utah (Valden P. Livingston, Salt Lake City, Utah, with him on the brief), for plaintiffs-appellants.
 E. Scott Savage, Salt Lake City, Utah (Dennis McCarthy and Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, with him on the brief), for defendant-appellee.
 Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 The controlling question in this case is whether the "Catalog Sales Agency Agreement" entered into by defendant-appellee Montgomery Ward & Co. with individual plaintiffs-appellants is a security within the purview of the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. We hold that the agency agreement is not a security and, hence, there is no federal jurisdiction.
 
 
 2
 When the case was here before, we reversed in an unpublished opinion. We have now ordered the opinion to be published. See No. 74-1476, Crowley v. Montgomery Ward & Co., 570 F.2d 875. The basic facts are there stated and will not be repeated. The situation then was that the trial court, on consideration only of the pleadings, had dismissed the actions on the ground that the agency agreement was not a security and, hence, there was no federal jurisdiction.
 
 
 3
 The definition of "security" in each of the Acts includes any "investment contract." 15 U.S.C. §§ 77b(1) and 78c(a)(10). In our first decision, we noted that under Securities & Exchange Commission v. W. J. Howey Co., 328 U.S. 293, 301, 66 S.Ct. 1100, 1104, 90 L.Ed. 1244, whether an investment contract is a security depends on "whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." We also noted the modification of that test in Securities & Exchange Commission v. Glenn W. Turner Enterprises, 9 Cir., 474 F.2d 476, 482, cert. denied 414 U.S. 821, 94 S.Ct. 117, 38 L.Ed.2d 53. Turner holds that the word "solely" used in the Howey test "should not be read as a strict or literal limitation on the definition of an investment contract, but rather must be construed realistically, so as to include within the definition those schemes which involve in substance, if not form, securities." 474 F.2d at 482. Applying the Howey test as modified by Turner, we held that the issue was not determinable as a matter of law and directed that on remand, "Consideration must be given to 'economic reality' and the word 'solely' must not be given an unduly restrictive application."
 
 
 4
 On remand the plaintiffs submitted interrogatories and the defendant responded. Plaintiffs presented the affidavit of a former holder of an agency agreement and of an expert in economics and management. Montgomery Ward presented three affidavits, (1) of an expert in economics and management, (2) of the holder of an agency agreement, and (3) of its Sales Agency Manager responsible for the State of Utah.
 
 
 5
 Montgomery Ward again moved to dismiss for lack of jurisdiction. The court considered the affidavits presented and entered findings of fact and conclusions of law. Because matters outside of the pleadings were presented and not excluded, Rule 12(b), F.R.Civ.P., requires that the motion to dismiss be treated and disposed of as one for summary judgment under Rule 56. The court ignored both rules. Findings of fact are required in actions tried upon the facts without a jury. Rule 52(a). No trial was held. The action of the court was a grant of summary judgment under Rule 56, and cannot be sustained if there is a genuine issue as to a material fact. Rule 56(c). In the circumstances, the court's findings of fact merit no consideration. We conclude that the controlling facts are undisputed.
 
 
 6
 This suit was brought as a class action. Probably because of the dismissal of the action, no ruling was made on the certification of the class. The position of the plaintiffs seems to be that the determination of the presence of a security is so intertwined with the merits that decision on jurisdiction must be deferred until the case is heard on its merits. Reliance is placed on Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209. In that case plaintiffs claimed that certain shares of stock were never the property of the United States and were wrongfully withheld by the defendants in excess of their authority as public officers. Ibid. at 738, 67 S.Ct. 1009. Defendants asserted that jurisdiction was absent because the suit was in fact against the United States. Ibid. The Court held that the federal court had "jurisdiction to determine its jurisdiction by proceeding to a decision on the merits." Ibid. at 739, 67 S.Ct. at 1013. The question whether the property belonged to the United States was determinative of both jurisdiction and the merits. In the instant case determination of jurisdiction is not determinative of the merits.
 
 
 7
 Plaintiffs rely on cases distinguishable from that at bar. Mitzner v. Cardet International, Inc., N.D.Ill., 358 F.Supp. 1262, presented a situation in which the tasks of the licensees were purely mechanical and ministerial. In Venture Investment Co., Inc. v. Schaefer, 10 Cir., 478 F.2d 156, jurisdiction was based on diversity and the evidence showed common law fraud. Securities & Exchange Commission v. Koscot Interplanetary, Inc., 5 Cir., 497 F.2d 473, related to a pyramid scheme. Huberman v. Denny's Restaurants, Inc., N.D.Cal., 337 F.Supp. 1249 involved a sale and lease of a restaurant rather than a franchise.
 
 
 8
 A number of decisions hold that a franchise is not a security. See e. g., Nash & Associates v. Lum's of Ohio, 6 Cir., 484 F.2d 392; Lino v. City Investing Co., 3 Cir., 487 F.2d 689; Bitter v. Hoby's International, Inc., 9 Cir., 498 F.2d 183; and Wieboldt v. Metz, S.D.N.Y., 355 F.Supp. 255. No single determinative test or standard emerges from these decisions. Each case is decided on its particular facts.
 
 
 9
 In Mr. Steak, Inc. v. River City Steak, Inc., 10 Cir., 460 F.2d 666, affirming D.C., 324 F.Supp. 640, we held that a restaurant franchise, the success or failure of which "stands or falls independently of (the franchisor's) success or failure," was not a security. See 460 F.2d at 670. McCown v. Heidler, 10 Cir., 527 F.2d 204, 208, and Continental Marketing Corp. v. Securities & Exchange Commission, 10 Cir., 387 F.2d 466, 470, cert. denied 391 U.S. 905, 88 S.Ct. 1655, 20 L.Ed.2d 419, emphasize that whether an investment contract is a security depends on the economic reality of the transaction.
 
 
 10
 Since our first decision, the Supreme Court has decided United Housing Foundation, Inc. v. Forman, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621. That case related to stock in a corporation owning and operating a massive housing cooperative in New York City. The court denied federal jurisdiction on the ground that the transaction did not involve a security. The Court quoted the Howey test and said, 421 U.S. at 852, 95 S.Ct. at 2060,
 
 
 11
 "This test, in shorthand form, embodies the essential attributes that run through all of the Court's decisions defining a security. The touchstone is the presence of an investment in a common venture premised on a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others."
 
 
 12
 The Court mentioned the Turner decision and said, Ibid., n. 16: "We express no view, however, as to the holding of this case."
 
 
 13
 We are bound by the Howey test as reaffirmed in United Housing. The requirements are (1) an investment, (2) in a common enterprise, (3) with "a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others." 421 U.S. at 852, 95 S.Ct. at 2060. Although the agency operators pay nothing for the franchise, they spend their money to establish and furnish the store and to acquire inventory. They also contribute their full time and best efforts to the operation of the agency. See Montgomery Ward Catalog Sales Agency Agreement, Art. VI, P 1. The enterprise is common in that both the franchisor and the franchisee are interested in the sale of Montgomery Ward merchandise. Requirements (1) and (2) are satisfied. The decisive factor is whether the expected profits will be derived "from the entrepreneurial or managerial efforts of others (than the franchisee)."
 
 
 14
 (4) It is undisputed that the franchisees contributed both time and effort to the success of the common enterprise. Montgomery Ward argues that these contributions remove the agency agreement from the definition of a security. We do not agree. The contribution of time and effort is only a part of the test. Consideration must be given to control over the factors essential to success of the enterprise. Affidavits submitted by plaintiffs contain only conclusory allegations that Montgomery Ward controlled success.
 
 
 15
 The record shows that the franchisees had the benefit of the Montgomery Ward name and its reputation in the merchandise field. They could sell at less than the Montgomery Ward catalog prices if they were willing to accept a smaller profit margin. They could use the Montgomery Ward credit procedures, but were also free to extent credit on their own behalf. They could implement Montgomery Ward advertising. They had the responsibility of hiring and firing personnel, maintaining customer relationships, and making practically all of the decisions relating to the day-to-day operation of the agency. The conclusory assertions in plaintiffs' affidavits contain no facts showing that the factors controlled by Montgomery Ward are critical to the success of the enterprise. The undisputed facts are that the franchisees had, and exercised, effective and important control over that success. The economic reality is that the contributions of the franchisees significantly and substantially affect the profits expected from the enterprise. The agency agreement is not a security within the Howey and United Housing standards. Federal jurisdiction is not present.
 
 
 16
 Affirmed.