Joseph Wayne FLOYD, et al., Plaintiffs–Appellants,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, et al., Defendants–Appellees.

No. 86–1671.

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1987.

Rehearing and Rehearing En Banc Denied Jan. 28, 1988.

---

**7.** *Jackson v. State*, 672 S.W.2d 801, 803 (Tex. Crim.App.1984) (en banc).

**8.** 721 F.2d 999 (5th Cir.1983).

**9.** *Id.* at 1001.

Harold C. Phillips, Legal Aid Soc. of
Cent. Texas, Austin, Tex., Bill McKee, Be-

xar County Legal Aid, San Antonio, Tex., Diana G. Shisk, Advocacy Inc., Austin, Tex., William K. Kimble, West Texas Legal Service, Fort Worth, Tex., Vernon Lewis, San Angelo, Tex., for plaintiffs-appellants.

Deborah Ruth Kant, William Kanter, Civil Div., Appellate Staff, Dept. of Justice, Washington, D.C., for Bowen.

Robert Ozer, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for Arrell.

Before REAVLEY, POLITZ and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

■ The named appellants, each of whom had applied for or were receiving social security benefits subsequent to July 11, 1978 [1], filed this class action for declaratory and injunctive relief against the Secretary of Health and Human Services ("Secretary") and the Commissioner of the Texas Rehabilitation Commission ("TRC"). Their complaint alleged "non-acquiescence" in the law of the Fifth Circuit relating to eligibility for Title II or Title XVI social security benefits. Specifically, appellants asserted that the Secretary, through its regulations and evaluation practices, failed adequately to consider claimant complaints of pain, and failed to give adequate weight to the opinions of treating physicians and the disability determinations of other agencies. Additionally, appellants asserted that the TRC's disability determinations were in error because it was acting pursuant to "erroneous" instructions provided in the Secretary's Program Operations Manual System ("POMS"). The district court granted the Secretary's motion for summary judgment, granted TRC's motion to dismiss for failure to state a claim upon which relief could be granted, and denied appellants' motion for class certification as moot. Appellants now challenge the summary judgment and denial of class certification, but do not challenge the dismissal as to the TRC.[2] We AFFIRM.

## I.

### A.

■ First, appellants assert that the policies and practices of the Secretary concerning the relative weight accorded the opinions of treating physicians differ substantially from the requirements of this court. Generally, unless good cause can be shown to the contrary, a treating physician's opinion is entitled to considerable weight. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir.1985); *Loya v. Heckler*, 707 F.2d 211, 214 (5th Cir.1983). It is only logical that medical evidence from a treating physician who is familiar with "the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight." *Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir. 1981). Appellants advance several arguments in support of their assertion that the Secretary is not in compliance with the above stated rule. We address only those arguments which have merit.

■ Appellants cite section 2023 of the Secretary's POMS manual as evidence of "non-acquiescence." That section provides:

---

1. Named appellants all have standing to sue individually and have exhausted their administrative remedies pursuant to 42 U.S.C. § 405(g). Compare *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); *Wilkerson v. Bowen*, 828 F.2d 117 (3d Cir.1987).

2. This court raised sua sponte the issue of mootness of any determination on the merits of the case. Upon further consideration, we conclude that we may decide this case on the merits. A federal court retains its jurisdiction over claims capable of repetition which would otherwise evade judicial review, *see Moore v. Ogilvie*, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); *Southern Pacific Terminal Company v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). Moreover, prior administrative resolution of four plaintiffs' claims does not per se preclude their filing of a class action, nor remove their continuing interest in this case, inasmuch as the same issues may be raised upon reevaluation or renewal of their disability benefits. The plaintiff whose denial of benefits was affirmed by this court similarly retains a justiciable interest in the standards employed by Social Security to evaluate a subsequent claim.

The attending physicians are unique sources of medical evidence. Wherever possible, they are to be utilized to furnish evidence needed for evaluation because of the relationship they have to the claimants' medical problems through diagnosis and treatment.

Appellants assert that by failing to incorporate into the POMS the relative weight to be given to the treating physician's medical testimony, the Secretary has discriminated against disability claimants by creating a different standard of disability than that required by the Fifth Circuit. We agree with the Secretary, however, that differences in language do not constitute non-acquiescence.

Moreover, appellants have failed to create a fact issue sufficient to support a claim of system-wide non-acquiescence with the Fifth Circuit's "treating physician rule." In *Schisler v. Heckler,* 787 F.2d 76 (2d Cir.1986), the Second Circuit was faced with a similar challenge of non-acquiescence to its treating physician rule. There, while the court found that the Secretary had made no formal statement of non-acquiescence, it concluded that "reversals based on this rule by the district courts of this circuit and by this court are so numerous as to justify plaintiffs' concern that SSA does not march to that particular drummer." 787 F.2d at 83. Thus, although the court accepted the Secretary's representations that SSA did follow the treating physician rule, it concluded that the history of reversals involving this issue required the court to order the Secretary to inform its adjudicators of its "true policy." The court remanded to the district court with instructions to direct the Secretary to state in relevant publications the rules to be applied at all relevant adjudicatory stages with respect to the weight to be accorded the medical testimony or medical evidence of the treating physician. In this case, however, appellants have not met their burden of establishing as a factual issue that there is a policy of non-acquiescence or a pattern of mistaken application of the "treating physician" rule of this circuit. Without a formal statement of non-acquiescence or evidence of a system-wide pattern of mistaken adjudication similar to that found to exist in the Second Circuit in *Schisler,* we will not unnecessarily intrude into the administrative process and rewrite the Secretary's regulations.

■ Second, appellants challenge the actual application of the POMS by the Texas Rehabilitation Commission. In support, appellants cite the deposition testimony of Mr. Dale Place, Deputy Commissioner of the TRC which, when taken out of context, would indicate a practice of failing to give a treating physician's opinion substantially greater weight than that of the consulting physician. Read in context, however, this deposition testimony indicates that the treating physician is the first and primary source of information and that the statement of the attending physician concerning claimant's disability is fully and fairly considered when supported by objective medical evidence, symptoms and laboratory findings. As Mr. Place stated:

If the medical evidence of the treating physician is such that it meets the program standards, it would be accorded full weight. No more weight would be given to that unless the objective findings were there in the report. And here again, going back to impairment, [it] must be medically demonstrable and determinable.

This statement makes the obvious point that credibility choices must often be made between conflicting medical evidence. We have consistently held that such choices are within the discretion of the administrative agency administering the social security benefits program. *See, e.g., Milam v. Bowen,* 782 F.2d 1284, 1287 (5th Cir.1986); *Barajas v. Heckler,* 738 F.2d 641, 645 (5th Cir.1984); *Jones v. Heckler,* 702 F.2d 616, 622 (5th Cir.1983).

■ Third, appellants attach particular significance to TRC's failure to request a standard residual functional capacity ("RFC") form from the treating physician. They assert that failure to request such information from the treating physician "substantially undermines the law of the Fifth Circuit." Not only does this fail to

establish a prima facie case of non-acquiescence, but the Secretary's POMS indicate that when such determinations may not readily be made from the available record, use of the attending physician is directed.

Failure to request an RFC form from the treating physician is not indicative of a pattern of failure to accord proper weight to the treating physician's valuable testimony. To the contrary, the TRC is directed to use the information from the treating physician in making its evaluation. Moreover, we would be reluctant to reach such a conclusion in any event because the agency responsible for administering the benefits program is in a superior position to determine the most effective and productive means for evaluating claims. We reject appellants' additional arguments as meritless.

**B.**

Appellants also assert that the Secretary's standards for evaluating a claimant's subjective complaints of pain are inconsistent with Fifth Circuit precedent. Appellants have, however, furnished no evidence supporting their contention that, *as a matter of policy*, the Secretary has required objective corroboration of the pain itself. Further, the Fifth Circuit cases cited by appellants do not support a broad rule that pain alone may constitute compensable disability.

■ At all times relevant to the claims of the named plaintiffs, the Secretary's regulations provided:

> We consider all your symptoms, including pain, and the extent to which signs and laboratory findings confirm these symptoms. The effects of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms.

20 C.F.R. § 404.1529 (1984). This regulation says no more and no less than that pain is a symptom which will be evaluated together with other symptoms to determine disability, *but* disability must always depend on the existence of a medical condition which could be expected to produce pain. The regulation on its face requires no objective proof of the pain itself.

Moreover, Congress codified this regulation in the Social Security Disability Benefits Reform Act of 1984 as follows:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged....

Pub.L.No. 98–460 § 3 (enacted Oct. 9, 1984), *reprinted in* 42 U.S.C.A. § 423(d)(5)(A) (West Supp.1985). See, H.R. Conf.Rep.No. 98–1039, 98th Cong., 2d Sess. 28–29, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3038, 3080, 3086–87.

In *Hampton v. Bowen,* 785 F.2d 1308, 1310 (5th Cir.1986) we held that by its own terms the provisions of the Reform Act applied to cases pending at the time the Act became law. We there rejected the assertion that any "retroactive" effect would be unjust. We have consistently upheld the application of this statutory pain standard to cases where the claims predate the amendment. *See Owens v. Heckler,* 770 F.2d 1276, 1281 (5th Cir.1985) (applying 42 U.S.C.A. § 423(d)(5)(A) to a claim for benefits filed in 1979 alleging disability since 1975); *Davis v. Heckler,* 759 F.2d 432 (5th Cir.1985).

We acknowledge the suggestion in *Hampton v. Bowen, supra* at 1310, that the Reform Act "modified" the rule previously expressed in this circuit for evaluation of pain. This comment is dictum in a transitional passage between the restating and rejection of the claimant's argument in

that case. A careful review of our prior authority, including that cited in *Hampton,* demonstrates that pain alone and isolated as a symptom has never been a ground for compensable disability in this circuit. Rather, we have held that in some circumstances pain alone can be disabling despite the absence of supporting medical evidence for the pain itself, *see, e.g. Dorsey v. Heckler,* 702 F.2d 597, 603 (5th Cir.1983), *if* linked to a "medically determinable impairment." *Benson v. Schweiker,* 652 F.2d 406, 408–09 (5th Cir.1981); *Smith v. Schweiker,* 646 F.2d 1075, 1082 (5th Cir. 1981). This standard is not materially different from the Secretary's regulations or the Reform Act.

Consequently, appellants' premises concerning both the Secretary's policy and applicable circuit authority fail, and their conclusion of a conflict between the executive and judicial branch here also fails.[3]

### C.

▇▇▇ Appellants contend that a finding of disability by the Veterans Administration should be given great weight by the Secretary and it is "clear" this requirement is not being followed. A disability determination by another agency is entitled to great weight. *Rodriguez v. Schweiker,* 640 F.2d 682, 686 (5th Cir.1981). A disability determination by the Veterans Administration is non-binding on the Secretary, however, because the criteria applied by the two agencies vary. *See* 20 C.F.R. § 404.1504 (1985). Appellants have simply not shown that this requirement is not being followed, sufficient to create a fact issue under Fed.R.Civ.P. 56.

### II.

▇▇▇ Finally, appellants assert that the district court erred in denying class certification because it found against the named plaintiffs on the merits. We disagree and admit some mystification as to how any error on this issue could help appellants'

cause if the dismissal is upheld. Apparently, appellants base their argument on the requirement of Fed.R.Civ.P. 23(c)(1) which mandates that the class certification issue must be made "as soon as practicable after the commencement of the case...." In *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732 (1974), the Supreme Court held that the merits underlying the dispute have no impact upon the district court's determination whether a class may properly be maintained. There the Court agreed with Judge Wisdom's conclusion in *Miller v. Mackey International, Inc.,* 452 F.2d 424, 427 (5th Cir.1971):

> In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.

The timing requirements of Rule 23, however, are not absolute. Professor Wright explains that "[t]he court always is empowered to make a determination on the merits irrespective of the denomination of the suit as a class action ... the propriety of that inquiry is limited only by concerns of whether the class determination should be postponed until after the merits determination." C. Wright, A. Miller, and M. Cane, 7 Federal Practice & Procedure, 1785 at 128 (footnote omitted) (1986). Indeed, as Judge Wisdom indicated in *Miller,* the class action litigation may be halted by a Rule 12 motion to dismiss or by a Rule 56 motion for summary judgment. 452 F.2d at 429. *See also, Pharo v. Smith,* 621 F.2d 656, 664 (5th Cir.), *modified on other grounds,* 625 F.2d 1226 (5th Cir. *en banc* 1980); *Jacobs v. Gromatsky,* 494 F.2d 513, 514 (5th Cir.1974). This is the rule in several other circuits as well. *See Marx v. Centran Corp.,* 747 F.2d 1536, 1552 (6th Cir. 1984), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985); *Wright v. Schock,* 742 F.2d 541, 543–44 (9th Cir.1984);

---

**3.** Section 423(d)(5)(A) of the Reform Act expired by its own terms on January 1, 1987, replaced by a Commission authorized by Congress to study pain. As none of the appellants' cases deals with the effect of this expiration, we decline to speculate on the consequences of this event.

*Vervaecke v. Chiles, Heider & Co.,* 578 F.2d 713, 719–20 (8th Cir.1978); *Crowley v. Montgomery Ward & Co.,* 570 F.2d 877, 879 (10th Cir.1978). *But see, Finberg v. Sullivan,* 634 F.2d 50, 64 (3rd Cir.1980) (*en banc*). We therefore conclude that the district court did not abuse its discretion in failing to rule on the class certification issue because it ruled for the Secretary on the merits of its summary judgment motion.

For the foregoing reasons the decision of the district court is AFFIRMED.