Dallas **BANGHART;** and Michael G. **Banghart, Plaintiffs–Appellants,**

v.

**HOLLYWOOD GENERAL PARTNER-SHIP; Ed Wray; Robert Rosen, M.D.; and Barry Maron, M.D., Defendants–Appellees.**

No. 89–2021.

United States Court of Appeals, Tenth Circuit.

May 2, 1990.

**806**

David L. Plotsky, Albuquerque, N.M., for plaintiffs-appellants.

Joseph H. Mercer and Carolyn S. Fudge, of Mercer Professional Ass'n, Albuquerque, N.M., for defendants-appellees.

Before McKAY, BARRETT, Circuit Judges, and KANE,* District Judge.

PER CURIAM.

Dallas Banghart and Michael Banghart (plaintiffs) brought this action against the Hollywood General Partnership and its general partners, Ed Wray, Robert Rosen, M.D., and Barry Maron, M.D., (together defendants) alleging a violation of federal securities laws and pendent state law claims. At the conclusion of plaintiffs' case, the district court (1) directed a verdict for defendants on the claim under the federal securities laws and (2) refused to exercise pendent jurisdiction over the state law claims. The sole issue on appeal concerns the propriety of the directed verdict on the federal securities laws claim.[1]

The facts pertinent to this appeal are straightforward. Plaintiffs premised their case on a document labeled "Exchange Agreement." According to plaintiffs, they were induced into entering this agreement by the representations of defendants and, had the agreement been consummated, they would have acquired a general partnership interest in the Hollywood General Partnership. The core question is whether the interest plaintiffs sought to acquire pursuant to the agreement was a security, as defined by the federal securities law, by virtue of being an "investment contract." *See* Section 2(1) of the Securities Act of 1933, 15 U.S.C. § 77b(1).[2] The district court, in directing a verdict in defendants' favor, ruled that plaintiffs' evidence did not establish an investment contract.

The standard of review in assessing whether a trial court properly directed a verdict is the same standard applied by the trial court in passing on a summary judgment motion, *i.e.*, whether the evidence is

---

* Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. "The term 'security' means any note, stock, treasury stock, bond, debenture, evidence of indebtedness, ... investment contract ... or, in general, any interest or instrument commonly known as a 'security'...." *See* 15 U.S.C. § 77b(1).

sufficient to create an issue for the jury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986); *see also Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 364 (10th Cir.1986). "[T]he trial judge may grant a motion for directed verdict only when all the inferences to be drawn from the evidence are so in favor of the moving party that reasonable persons could not differ in their conclusions." *FDIC v. Palermo*, 815 F.2d 1329, 1335 (10th Cir.1987) (citing *Hidalgo Properties, Inc. v. Wachovia Mortgage Co.*, 617 F.2d 196, 198 (10th Cir.1980)); *see also McKinney v. Gannett Co.*, 817 F.2d 659, 663 (10th Cir.1987) ("If reasonable men could differ as to the inferences drawn from the facts in evidence, a motion for a directed verdict should be denied.").

■ Applying these principles, we conclude that the district court's decision was correct. In *SEC v. W.J. Howey Co.*, 328 U.S. 293, 301, 66 S.Ct. 1100, 1104, 90 L.Ed. 1244 (1946), the Supreme Court held that the test for distinguishing an investment contract from other commercial dealings "is whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." The test has subsequently been broken down into three requirements: (1) an investment, (2) in a common enterprise, (3) with a reasonable expectation of profits to be derived from the entrepreneurial or managerial efforts of others. *Crowley v. Montgomery Ward & Co.*, 570 F.2d 877, 880 (10th Cir.1978) (quoting *United Housing Found., Inc. v. Forman*, 421 U.S. 837, 852, 95 S.Ct. 2051, 2060, 44 L.Ed.2d 621 (1975).

■ On appeal, the parties do not dispute these legal principles. Instead, the parties confine the analysis to the third part of the *Howey* test. An investment satisfies this third prong when the efforts made by those other than the investor are the ones which affect significantly the success or failure of the enterprise. *Meyer v. Dans un Jardin*, 816 F.2d 533, 535 (10th Cir.1987). The essence of plaintiffs' argument on appeal is that a delegation of managerial authority and a lack of any discernible role for some general partners within the Hollywood General Partnership raises a triable issue of whether the partnership interest contemplated in the "Exchange Agreement" was a security.[3]

Courts which have considered the issue have uniformly held that general partnerships are not investment contracts because the partners—the investors—are ordinarily granted significant control over the enterprise. *See, e.g., Goodwin v. Elkins & Co.*, 730 F.2d 99, 102–03 (3d Cir.), *cert. denied*, 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 61 (1984); *Odom v. Slavik*, 703 F.2d 212, 215 (6th Cir.1983); *see also Gordon v. Terry*, 684 F.2d 736, 741 (11th Cir.1982), *cert. denied*, 459 U.S. 1203, 103 S.Ct. 1188, 75 L.Ed.2d 434 (1983). In *Williamson v. Tucker*, 645 F.2d 404 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981),[4] a leading case which plaintiffs have principally relied on, the court identified exceptions to the general rule that general partnership interests are not securities. In *Williamson*, the court examined general partnership interests in a real estate development scheme and, in dicta, set forth three examples of when a general partnership interest can be a security.

A general partnership or joint venture interest can be designated a security if the investor can establish, for example, that (1) an agreement among the parties leaves so little power in the hands of the partner or venturer that the arrange-

---

3. During the trial, defendants contended that the "Exchange Agreement" should be interpreted as only allowing plaintiffs to acquire an interest in a partnership asset rather than an interest in the partnership itself. On appeal, however, defendants have not made this specific argument, apparently recognizing that this court, in reviewing the directed verdict against plaintiffs, is required to construe the evidence

and inferences most favorably to plaintiffs. *See Zimmerman v. First Federal Sav. & Loan Ass'n*, 848 F.2d 1047, 1051 (10th Cir.1988).

4. Plaintiffs have cited *Williamson* as appearing at 632 F.2d 579 (5th Cir.1980). However, that opinion was withdrawn and the opinion appearing at 645 F.2d 404 was substituted in its place.

ment in fact distributes power as would a limited partnership; or (2) the partner or venturer is so inexperienced and unknowledgeable in business affairs that he is incapable of intelligently exercising his partnership or venture powers; or (3) the partner or venturer is so dependent on some unique entrepreneurial or managerial ability of the promoter or manager that he cannot replace the manager of the enterprise or otherwise exercise meaningful partnership or venture powers.

*Id.* at 424.

This court has never directly addressed the issue of whether general partnership interests are securities and, consequently, this court has never had occasion to discuss the *Williamson* approach. Nevertheless, our recent decision in *Maritan v. Birmingham Properties*, 875 F.2d 1451 (10th Cir. 1989), while not directly on point factually, clearly indicates that our primary inquiry in the partnership setting is not, as suggested by plaintiffs, on the actual control and participation of the partners, but on the *powers* possessed by the partners. In *Maritan*, we approved the analysis set forth in *Matek v. Murat*, 862 F.2d 720, 730–32 (9th Cir.1988) and *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 241 (4th Cir.1988), where the courts held that regardless of the control actually exercised, if a partnership agreement retains real power in the general partners, then an investment in the general partnership is not a security. Thus, our determination of whether a general partnership interest can be characterized as a security turns on the partnership agreement.

 When a partnership agreement allocates powers to general partners that are specific and unambiguous and those powers provide the general partners with access to information and the ability to protect their investment, then the presumption is that the general partnership is not a security. *Matek*, 862 F.2d at 731; *Rivanna*, 840 F.2d at 241. As the court in *Rivanna* stated, "[e]ven when general partners do not individually have decisive control over major decisions, they do have the sort of influence which generally provides them with access to important information and protection against a dependence on others." *Rivanna*, 840 F.2d at 241. The strong presumption that an interest in a general partnership is not a security can only be overcome by evidence that the general partners were rendered passive investors because they were somehow precluded from exercising their powers of control and supervision. *Matek*, 862 F.2d at 730–31; *Rivanna*, 840 F.2d at 241.

Applying the analysis of *Matek* and *Rivanna* here, in order for plaintiffs to succeed in characterizing the Hollywood General Partnership as an investment contract, there must be evidence that the governing partnership agreement did not, or would not in the future, afford general partners their customary powers or that general partners had been, or would be, prevented from exercising those powers. When plaintiffs presented their case, however, they offered no evidence with respect to the partnership agreement. The absence of such evidence was fatal.[5] Therefore, the district court's directed verdict on the claim under the federal securities laws was correct.

Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

---

5. Plaintiffs' arguments that some general partners in the Hollywood General Partnership may have remained passive or lacked financial sophistication or business expertise does not undermine the result reached here. General partners with managerial powers cannot convert their partnership interest into a security merely by remaining passive. *Rivanna*, 840 F.2d at 242

n. 10. Moreover, general partners who lack financial sophistication or business expertise nevertheless may still exercise intelligently the powers given them under the partnership agreement and state law by seeking advice or assistance from more knowledgeable partners or other persons such as lawyers or accountants. *Id.*