930 F.2d 32
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
W.E. BILYEU, Mary Oleta Bilyeu, Plaintiffs-Appellants,
v.
ASSOCIATED MILK PRODUCERS, INC., a Kansas corporation,
Defendant-Appellee.
 No. 90-6186.
 United States Court of Appeals, Tenth Circuit.
 April 5, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs W.E. Bilyeu and Mary Bilyeu appeal from an order of the district court granting defendant Associated Milk Producers, Inc.'s (AMPI) motion for a directed verdict. Plaintiffs brought this diversity action under Oklahoma law seeking to hold AMPI liable for an alleged attack upon Mr. Bilyeu by two employees of AMPI, Frank Booher and Floyd Chapman. The district court, in directing a verdict in AMPI's favor, held that plaintiffs' evidence failed to establish that Booher and Chapman, at the time of the alleged attack, were acting within the scope of their employment.
 
 
 3
 Our review of a directed verdict is de novo. A directed verdict is appropriate when the evidence, and all the inferences therefrom, are so in favor of the moving party that reasonable persons could not differ in their conclusions. Banghart v. Hollywood Gen. Partnership, 902 F.2d 805, 807 (10th Cir.1990). In determining whether a directed verdict was appropriate, we do not weigh the evidence or pass upon the credibility of witnesses. Id.
 
 
 4
 Plaintiffs assert two alternative grounds for submitting to the jury the scope-of-employment issue. They contend that the evidence shows that: (1) AMPI directed Booher and Chapman to harm Mr. Bilyeu, or (2) the conduct of Booher and Chapman, if not specifically authorized by AMPI, was nevertheless incidental to and in furtherance of AMPI's business. We conclude that plaintiffs have failed to raise a triable issue on either ground.
 
 
 5
 The evidence and reasonable inferences therefrom, see Lucas v. Dover Corp., 857 F.2d 1397, 1401 (10th Cir.1988), do not support a finding that AMPI specifically directed Booher and Chapman to harm Mr. Bilyeu. On our review of the record, any inference that AMPI authorized an attack on Mr. Bilyeu is based on mere speculation. This is insufficient to avoid a directed verdict.
 
 
 6
 On the second contention, under Oklahoma law, an employer is liable for an unauthorized intentional use of force by an employee only if such conduct can be viewed as not unexpected in view of the employee's assigned duties. Compare Mistletoe Express Serv., Inc. v. Culp, 353 P.2d 9, 14-16 (Okla.1959) with Allison v. Gilmore, Gardner & Kirk, Inc., 350 P.2d 287, 290 (Okla.1960); see also Tulsa Gen. Drivers, Warehousemen, & Helpers Union v. Conley, 288 P.2d 750, 753 (Okla.1955) (discussing Ada-Konawa Bridge Co. v. Cargo, 163 Okla. 122, 21 P.2d 1 (1932), and Chicago, R.I. & P. Ry. Co. v. Radford, 36 Okla. 657, 129 P. 834 (1913)). In this case, plaintiffs presented no evidence to indicate how the nature of the employment of Booher and Chapman could be viewed as likely to lead to the use of force against others. In the absence of such evidence, plaintiffs failed to raise a jury question on whether AMPI could be liable for an unauthorized attack on Mr. Bilyeu by Booher and Chapman.
 
 
 7
 Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3