IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30572
Conference Calendar
_____

CHAD LIGHTFOOT,

                                        Plaintiff-Appellant,

versus

C. THOMAS BIENVENU, JR.; THOMAS C. SENETTE;
CURTIS SIGUR; JAMES R. MCCLELLAND, JR.;
DON J. HERNANDEZ; RANDY BADEAUX; DEAN STANSBURY;
POLICE DEPARTMENT OF MORGAN CITY; RICKY MIRE;
BERNARD E. BOUDREAUX, JR.; PARISH OF
ST. MARY,

                                        Defendants-Appellees,

and

JOHN DOE, also known as Mr. Mire;
MICHAEL JAMES BROUSSARD; HILDA WHITE;
MICHAEL BANKS; DOREEN M. FRANCIS; WALTER
J. SENETTE, JR.; CLIFF DRESSEL,

                                        Defendants.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 94-CV-411
- - - - - - - - - -
August 23, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

---

[*]      Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

The district court dismissed Chad Lightfoot's civil rights suit as frivolous. Lightfoot argues in this appeal that his excessive force claim against Dean Stansbury, Randy Badeaux, and the Morgan City Police Department is not prescribed because he did not know Stansbury's identity until nearly three years after the alleged injury. Lightfoot has not met the rigorous requirements for the application of the Louisiana doctrine of *contra non valentem*. See Burge v. Parish of St. Tammany, 996 F.2d 786, 788 (5th Cir. 1993); Herdman v. Smith, 707 F.2d 839, 840-42 (5th Cir. 1983).

Nothing indicates that attorney Don J. Hernandez acted under color of law in not pursuing a civil rights suit for Lightfoot. See Hobbs v. Hawkins, 968 F.2d 471, 479-80 (5th Cir. 1992). Claims against defense counsel Curtis Sigur are actually attacks on Lightfoot's criminal conviction. The claims are not actionable because the conviction has not been reversed on direct appeal, expunged by the executive, invalidated by other state means, or called into question by the issuance of a federal habeas writ. Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). Claims against St. Mary Parish are also not actionable. Id.

State trial Judge Thomas Bienvenu and the prosecutors who participated in Lightfoot's criminal prosecution and post-conviction proceedings are immune from suit. Stump v. Sparkman, 435 U.S. 349, 355-57 (1978) (judges); Imbler v. Pachtman, 424 U.S. 409, 420-29 (1976) (prosecutors). Lightfoot's argument that the judge acted in an administrative, rather than a judicial, capacity is meritless. See, e.g., Brummett v. Camble, 946 F.2d

1178, 1181 (5th Cir. 1991), <u>cert. denied</u>, 504 U.S. 965 (1992). The judge's law clerk is also immune. <u>Mitchell v. McBryde</u>, 944 F.2d 229, 230 (5th Cir. 1991).

The appeal is frivolous, and we dismiss it as such. <u>See</u> 5th Cir. R. 42.2. We warn Lightfoot that the filing of frivolous appeals in the future will result in sanctions. <u>See, e.g.</u>, <u>Smith v. McCleod</u>, 946 F.2d 417, 418 (5th Cir. 1991); <u>Jackson v. Carpenter</u>, 921 F.2d 68, 69 (5th Cir. 1991). Furthermore, Lightfoot may make in this court no future civil rights filings arising from or connected with his 1990 arrest and 1991 conviction for robbery without first obtaining the permission of a judge of this court, which he must request by writing to the clerk.

APPEAL DISMISSED.