*721 DENNIS, Circuit Judge,
concurring:
Although I agree with the majority’s conclusion that there is no appealable order before us, I write separately to point out that the district court apparently lacked jurisdiction for its ruling and that its order therefore may not be binding the putative class. The district court’s ruling purports to affect only the uncertified, unrepresented putative class. Because that class was not before the district court and the appellants had no standing to represent their interests, the motion for summary judgment presented no case or controversy on which the district court have could ruled.
There are at least three elements necessary to establish constitutional standing.[1] First, the plaintiff must have suffered an “injury in fact.”[2] Second, there must be a causal connection between the injury and the alleged wrongful conduct. The injury must be fairly traceable to the defendant’s conduct and not the result of an independent action by some third party not before the court.[3] Finally, it must be “likely,” as opposed to merely “speculative,” that the injury will be “redressed by a favorable decision.”[4]
Even assuming that the Oil Companies have suffered an injury in fact, the district court lacked jurisdiction under both the second and third standing elements. The district court’s partial summary judgment ruling states only that the putative class has not given adequate notice of their claims under state law; it does not purport to affect the adequacy of the appellants’ notice or any other substantive claims that the appellants might have. Thus, the only persons who could be prejudiced by the district court’s ruling are nonparties, namely, the absent and unrepresented putative class members. To bind the class to such a judgment would contravene “the general rule that a person cannot be bound by a judgment in litigation to which he is not made a party or in which he is not served with process.”[5] Because the district court could not bind the putative class, it could not redress the alleged injury and therefore had no case or controversy before it.
Although some of the claims in the various complaints involve justiciable controversies among the actual parties, we must separately evaluate standing for each claim that is before us.[6] Thus, while the Oil Companies might have standing in the district court to challenge the adequacy of the appellants ’ notices, there was no standing for the Oil Companies to assert claims against the putative class. The fact that the appellants have counterclaimed with a class action is inapposite. This is not a case in which the district court ruled on the merits of claims affecting the entire class (including the appellants) before *722 reaching the issue of class certification.[7] Rather, the district court’s ruling is directed exclusively at whether notice was given by the uncertified, putative class. Because there is no case or controversy between the Oil Companies and the named appellants over this issue, the district court had no authority to reach this issue before ruling on certification.[8]
Nevertheless, despite this apparent flaw in the district court’s order, I agree with the majority’s conclusion that we lack the authority to vacate the ruling because there is no appealable order before us.[9]

. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); Henderson v. Stalder, 287 F.3d 374, 384 (5th Cir.2002).

. Lujan, 504 U.S. at 560, 112 S.Ct. 2130.

. Id.

. Id. at 561, 112 S.Ct. 2130.

. See Pederson v. La. State Univ., 213 F.3d 858, 874 (5th Cir.2000) (holding that justicia-bility must be analyzed separately on the issues of money damages and the propriety of equitable relief); see also Scott v. Maggio, 695 F.2d 916, 920-22 (5th Cir.1983) (determining that the habeas petitioner had no standing to challenge the warrantless entry of police at someone else’s home, but reviewing other jus-ticiable controversies in the case).

. See, e.g., Floyd v. Bowen, 833 F.2d 529, 534 (5th Cir.1987) (holding that the district court did not err in dismissing the named plaintiffs' claims on summary judgment before reaching the issue of class certification); see also 7B Charles Alan Wright et al., Federal Practice and Procedure § 1785, at 128 (2d ed.1986) (stating that, in certain circumstances, a district court may rule on the merits of a class claim before reaching the issue of class certification).

. See O'Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.”); Pederson, 213 F.3d at 872 n. 14.

. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.”); Acoustic Sys., Inc. v. Wenger Corp., 207 F.3d 287, 290 n. 2 (5th Cir.2000) (holding that this court lacked preliminary authority to review the district court’s jurisdiction because there was no immediately appealable order before the court).