United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40715
Summary Calendar

BILLY F. ALLEN; ALONZO LONGORIA; MICHAEL D. NEAL;
WILLIAM JACKSON; MIKE TOMLINSON; ERNESTO R. HINOJOSA, SR.;
FELIPE P. RODRIGUEZ,

Plaintiffs-Appellants,

versus

GARY JOHNSON, Director, Texas Department of Criminal Justice;
LANNETTE LINCTHICUM, Medical Doctor, Deputy Director Texas
Department of Criminal Justice Health Care Services; UTMB --
CORRECTIONAL MANAGED HEALTH CARE; BEN RAIMER, Medical Doctor,
Vice President for Community Outreach University of Texas Medical
Branch; OWEN J. MURRAY, DO, Associate Medical Director University
of Texas Medical Branch; TEXAS TECH UNIVERSITY HEALTH SCIENCE
CENTER; DENISE DESHIELDS, Doctor, Medical Director,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:03-CV-998
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges

PER CURIAM:[*]

The plaintiffs, all Texas prisoners who have tested positive

for the Hepatitis C Virus (HCV), appeal the district court's

order granting summary judgment to the defendants in their 42

U.S.C. § 1983 suit.  In their suit, the plaintiffs alleged that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the defendants were and remain deliberately indifferent to their serious medical needs by failing to provide adequate testing and treatment for HCV. The plaintiffs have received treatment for HCV, but they argue that the defendants have failed to comply with the accepted standard of care. The plaintiffs fail to show that the defendants have been deliberately indifferent, however, because their disagreement with their specific courses of treatment is insufficient to establish deliberate indifference. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (stating that deliberate indifference requires a showing that prison officials acted with wanton disregard for medical needs); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (stating that unsuccessful medical treatment, negligence, neglect, and malpractice are insufficient to give rise to a § 1983 cause of action). Because the plaintiffs do not brief the district court's dismissal based on sovereign immunity of UTMB and the Texas Tech University Health Sciences Center, their claims against those defendants are abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The plaintiffs also argue that the district court erroneously denied their motions for class certification and for appointment of counsel. The magistrate judge originally denied class certification subject to reconsideration as the case developed. We conclude that the district court did not abuse its discretion by granting summary judgment without re-examining the

certification issue.  See Bell Atlantic Corp. v. AT&T Corp., 339 F.3d 294, 301 (5th Cir. 2003); Floyd v. Bowen, 833 F.2d 529, 534 (5th Cir. 1987).  The district court also did not abuse its discretion by denying the motion for appointment of counsel.  See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982); FED. R. CIV. P. 23(g).

The plaintiffs further argue that the district court failed to rule on their motion to strike an affidavit in support of the defendants' summary judgment motion and that the district court erroneously relied on the defective affidavit.  The district court's denial of the motion was implicit in its order granting summary judgment.  See Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994).  Further, by attempting to incorporate by reference arguments made in their motion to strike, the plaintiffs have inadequately briefed how the affidavit was defective.  See Peel & Co., Inc. v. The Rug Market, 238 F.3d 391, 398-99 (5th Cir. 2001); Yohey, 985 F.2d at 224-25.

Finally, the plaintiffs argue that the district court erroneously denied their motion for a preliminary injunction.  We conclude, however, that the district court did not abuse its discretion.  See White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989) (stating that this court reviews the denial of a preliminary injunction for an abuse of discretion and will reverse "only under extraordinary circumstances").

AFFIRMED.