# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-20396
Summary Calendar

ALAN WADE JOHNSON

Plaintiff-Appellant

v.

TEXAS BOARD OF CRIMINAL JUSTICE, Sued in its Official Capacity; BRAD LIVINGSTON, Executive director, Texas Department of Criminal Justice, Sued in His Individual and Official Capacity; DOUGLAS DRETKE, Division Director, Texas Department of Criminal Justice, Correctional Institutions Division, Sued in His Individual Capacity; RICK THALER, Region I Director, Texas Department of Criminal Justice, Correctional Institutions Division, Sued in His Individual Capacity; THOMAS J PRASIFKA, Senior, Warden, Texas Department of Criminal Justice, Correctional Institutions Division, John M Wynne Unit, Sued in His Individual and Official Capacity; NATHANIEL QUARTERMAN, Division Director, Texas Department of Criminal Justice, Correctional Institutions Division, Sued in His Official Capacity; ROBERT TREON, Region I Director, Texas Department of Criminal Justice, Correctional Institutions Division, Sued in His Official Capacity

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-3705

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alan Wade Johnson, Texas prisoner # 660513, appeals the district court's grant of the defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss and the dismissal of his 42 U.S.C. § 1983 suit. Johnson's complaint arises from the enforcement of prison policies restricting telephone usage and the amount of property inmates may store in their cells. Johnson argues that the defendants violated his constitutional rights by limiting telephone privileges to one five-minute collect call every 90 days and by limiting storage space for legal and religious property.

Johnson disavows any claim for compensatory damages; in any event, he could not recover such damages because he has not alleged a physical injury. See Geiger v. Jowers, 404 F.3d 371, 374-75 (5th Cir. 2005). Johnson also fails to allege facts which would support a claim for punitive damages because his allegations do not show that the defendants' actions, which implemented prison policies, were motivated by evil intent or that the defendants acted with reckless indifference to Johnson's constitutional rights. Smith v. Wade, 461 U.S. 30, 56 (1983).

Johnson asserts that he did not sue the defendants in their official capacity, and thus the district court need not have ruled that any such claims were barred by Eleventh Amendment immunity. Thus, we need not address that determination by the district court. Johnson has abandoned any claim arising under international law because he has failed to adequately brief the issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In district court, Johnson challenged the restrictions on telephone use embodied in Administrative Directive 03.90. We note that Johnson's arguments concerning telephone usage are likely moot in light of the provisions of TEX. GOV'T CODE § 495.025, enacted in May 2007 and due to be implemented soon. In any event, Johnson's constitutional challenges to the provisions of Administrative Directive 03.20, as well as his constitutional challenges to the restrictions on storage space for legal and religious property, embodied in Administrative Directive 03.72, fail because the prison policies are reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987).

To the extent that Johnson argues that the restriction of storage space denies him access to the courts, his contention is without merit because he does not show that his position as a litigant was or will be prejudiced. See Lewis v. Casey, 518 U.S. 343, 350-53 (1996). Johnson's retaliation claim fails because he has not presented any direct evidence of retaliatory motivation, nor has he alleged a chronology of events from which retaliatory motivation may be plausibly inferred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Rather, he alleges that the defendants enforced prison policy. This argument does not support a claim for retaliation.

Johnson's separate storage space claim based on the Religious Land Use and Institutionalized Persons Act is without merit because he has not demonstrated that the storage policy has substantially burdened his religious exercise. See Adkins v. Kaspar, 393 F.3d 559, 570-71 (5th Cir. 2004).

The district court did not abuse its discretion by denying Johnson's request for class certification. See Bell Atlantic Corp. v. AT&T Corp., 339 F.3d 294, 301 (5th Cir. 2003); Floyd v. Bowen, 833 F.2d 529, 534 (5th Cir. 1987).

Johnson asks that we reinstate his state law claims. Because the district court dismissed all of Johnson's federal claims, the dismissal of any remaining state law claims was not an abuse of discretion. See Bass v. Parkwood Hosp.,

180 F.3d 234, 246 (5th Cir. 1999).   We recognize that the dismissal of any such state claims was without prejudice to their assertion in the appropriate state court.  See id.

Accordingly, the judgment of the district court is AFFIRMED.