# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2025

Lyle W. Cayce
Clerk

No. 24-30046
Summary Calendar

———————————

Chad Lightfoot,

*Plaintiff—Appellant*,

*versus*

Gary Gilley; Patricia Miller; Chief of Security
Richland Parish Detention Center; Big Show, *Lieutenant*;
Deputy Austin; Deputy Marvel; James LeBlanc,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CV-1080

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Chad Lightfoot, now federal prisoner # 20367-035 but previously Louisiana prisoner # 301162, filed a civil complaint against state employees arising from actions occurring while he was a prisoner in the Franklin Parish Detention Center. He appeals the dismissal of his complaint pursuant to 28

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30046

U.S.C. § 1915A(b)(1), raising claims concerning the denial of in forma pauperis status on appeal, the denial of motions filed in the district court, and the denial of class certification.

First, regarding the denial of in forma pauperis status on appeal, Lightfoot argues that 28 U.S.C. § 1915(g) is unconstitutional and that the dismissal of his prior actions do not count as strikes under § 1915(g) because they were not dismissed as frivolous, as malicious, or for failure to state a claim. Lightfoot's argument that § 1915(g) is unconstitutional lacks merit. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997); *see also Adepegba v. Hammons*, 103 F.3d 383, 386-87 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537-40 (2015). As for his remaining argument, a prior district court action brought by Lightfoot and two of his earlier appeals were all dismissed as frivolous. *See Lightfoot v. Corr. Corp. of America*, No. 96-30369, 1996 WL 661267, at *1 (5th Cir. Oct. 23, 1996) (unpublished); *Lightfoot v. Bienvenu*, No. 95-30572, 1995 WL 581499, at *1 (5th Cir. Aug. 23, 1995) (unpublished). Further, Lightfoot does not argue that he is under imminent danger of serious physical injury and is thus not subject to the strike bar. *See* 28 U.S.C. § 1915(g). Accordingly, his challenge to the denial of in forma pauperis status on appeal is unavailing.

Next, Lightfoot argues that the district court erred by denying his second motion for an extension of time to file objections to the magistrate judge's report. Even if the district court erred by denying the motion, the error was harmless given that the district court conducted a de novo review of Lightfoot's case; neither of Lightfoot's motions for an extension addressed the dismissal of his claims on the merits or indicated what particular objections he would have raised in objections; and the district court was able to assess the merits of the case from its face. *See McGill v. Goff*, 17 F.3d 729, 731-32 (5th Cir. 1994), *overruled on other grounds by Kansa Reins. Co. v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1373-74 (5th Cir. 1994).

2

Third, Lightfoot argues that the district court erred in denying his motion for leave to amend his complaint, which the court received after Lightfoot's action was dismissed. Given that Lightfoot was afforded opportunities to present his claims, and his motion to amend sought discovery to learn the full names of the defendants and to determine if his case raised any constitutional claims, the district court acted within its discretion in denying the motion. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006).

Lightfoot next argues that the district court abused its discretion in denying his Federal Rule of Civil Procedure 59(e) motion because the motion set forth his factual allegations, causes of actions, and constitutional claims. Lightfoot's conclusory statements do not clearly establish a manifest error of law or fact or present any newly discovered evidence. *See Advocare Int'l LP v. Horizon Lab'ys, Inc.*, 524 F.3d 679, 690-91 (5th Cir. 2008). We thus conclude that the district court did not abuse its discretion. *See id.*

Finally, Lightfoot argues that the district court abused its discretion in denying his request for class certification. After dismissing Lightfoot's complaint, the district court denied his request for class certification as moot. As such, the court acted within its discretion. *See Floyd v. Bowen*, 833 F.2d 529, 534-35 (5th Cir. 1987).

Accordingly, the judgment of the district court is AFFIRMED. Lightfoot is REMINDED that he is BARRED "from filing any pro se, in forma pauperis, civil appeal in this court without the prior written approval of an active judge of this court." *Lightfoot*, 1996 WL 661267, at *1. Further, Lightfoot is REMINDED that "he is BARRED from filing any pro se, in forma pauperis, civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court." *Id.* Last, Lightfoot is REMINDED that he remains subject to

No. 24-30046

§ 1915(g) and thus is BARRED from proceeding in forma pauperis in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.