h LOLLEY, J.
James and Joy Clark, and their minor children (the “appellants”), appeal the grant of summary judgment by the Fourth Judicial District Court for the Parish of Morehouse, Louisiana in favor of Shackel-ford Farms Partnership, Sida, Inc., JFS Farms, Inc., Tie Vine, Inc., Shelter Life Insurance Company, Bonita Elevator and MSI (collectively, “Shackelford”). For the following reasons, we affirm.
*227 Facts
This lawsuit arises from the release of a hazardous chemical, anhydrous ammonia, from a tank owned by Shackelford Farms Partnership on the property of Bonita Elevators, Inc., which was located in the residential community of Bonita, Louisiana. This emission occurred around October 1, 2000, when thieves unwittingly released the ammonia while attempting to steal it. This caused the immediate evacuation of the Bonita community.
Appellants filed suit on March 9, 2001, seeking recovery for fear, fright and anxiety, as well as physical pain and discomfort including nose bleeds, burning sensation in the nasal passages, shortness of breath, episodes of uncontrollable coughing, irritation of the throat, eyes and stomach, nausea, and vomiting. They requested that the matter be certified as a class action. A scheduling order for certification issues was ordered by the trial court on August 20, 2001. A case management order was filed on February 20, 2002. Following discovery, Shackelford filed a Motion for Summary Judgment and/or Order Requiring Proof, and hearings on the matter were held on three separate dates. The trial court granted | ¡.Shackelford’s motion for summary judgment and stated in written reasons that there were no genuine issues of material fact and consequently held that the merits of the case were not satisfactory, dismissing the suit with costs assessed to appellants. This appeal ensued.
Discussion
The one issue on appeal is whether the trial court had the procedural power to decide Shackelford’s motion for summary judgment without first considering the class certification. For the following reasons, we find that the trial court’s actions were not in abuse of his discretion in granting Shackelford’s motion for summary judgment prior to the certification of the class.
Pursuant to La. C.C.P. art. 592(E), which addresses class actions, the trial court has very broad authority to determine all matters which “affect the general order of proceedings.” Louisiana C.C.P. art. 592(E) states as follows:
In the conduct of actions to which Article 591 and this Article apply, the court may make any of the following appropriate orders:
* * *
(5) Dealing with similar procedural matters, including but not limited to case management orders providing for consolidation, duties of counsel, the extent and the scheduling of and the delays for pre-certification and post-certification discovery, and other matters which affect the general order of proceedings; however, the court may not order the class-wide trial of issues dependent for their resolution on proof individual to a member of the class, including but not limited to the causation of the member’s injuries, the amount of the member’s special or general damages, the individual knowledge or reliance of the member, or the applicability to the member of individual claims or defenses.
13Prior to 1997, La. C.C.P. art. 593.1 provided that the court should determine whether the action could be properly maintained as a class action “prerequisite to any further proceedings therein.” However, this article was repealed, and consequently the new articles on class action procedure apply to suits filed after July 1, 1997, including the instant case. The new articles contain no prohibition to any proceedings in advance of certification. Thus, a trial court is not forbidden from considering a summary judgment motion regard *228 ing a named plaintiffs individual claims at any point deemed appropriate during the course of the litigation.
Because Louisiana’s rules of civil procedure do not address the issue directly, we find the federal rules of civil procedure regarding class actions (as well as the case law that interprets those rules) helpful.[1] Federal R. Civ. P. 23 addresses the maintenance of class actions in federal court. There is nothing in either the “language or history of Rule 23 that gives a court the authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.” Despite that citation we find the instant case distinguishable as this inquiry was held prior to a hearing on class certification and was separate from the question of whether a certifiable class existed. See, Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Whereas there is abundant jurisprudence standing for the proposition that it is improper for |4the trial court to consider the merits of a case in a class certification hearing we find no jurisprudence that holds that it is improper for the trial court to consider the merits of the case prior to a class certification hearing. Therefore, although it would be erroneous for a trial court to look to the merits of the underlying action as one of the factors in making its determination about whether a class should be certified, it would not be improper to do so in the case sub judice, because there has not been a class certification hearing.
A decision on the merits may render all class certification issues moot; therefore, a trial court may properly refuse to entertain motions for class certification and related discovery until disposi-tive motions have been resolved. See Wade v. Kirkland, 118 F.3d 667, 670 (9th Cir.1997) (holding that “in some cases, it may be appropriate in the interest of judicial economy to resolve a motion for summary judgment or motion to dismiss prior to ruling on class certification”). Moreover, the merits of a case have no impact on whether a class may be properly maintained, and a court may decide the merits of a case regardless of whether it is certified as a class action. Ladd v. Equicredit Corp. of America, 2001 WL 175236 (E.D.La.2001); Floyd v. Bowen, 833 F.2d 529, 534-35 (5th Cir.1987).
The record establishes that the trial court had on several occasions ordered appellants to produce the identities of any other potential class members. This was never provided to the trial court. Shackel-ford’s motion for summary judgment was originally scheduled for hearing on June of 2003. It was reset for September 19, 2003. At that hearing the trial court | ^recognized that the appellants were far from being certified as a class, and they were admonished, and given one more opportunity to return with affidavits from health care providers showing a causal connection between their exposure and alleged symptoms.
Resultantly, we find no merit to appellants’ contention that the trial court should not have been permitted to decide on the merits of their case until the court had ruled on the class certification question. See Krim v. BancTexas Group, Inc., 989 F.2d 1435 (5th Cir.1993).
*229 Having found that the trial court’s action was procedurally correct, we turn to the merits on summary judgment. In determining whether summary judgment is appropriate, appellate courts review the evidence de novo. Reynolds v. Select Properties, Ltd., 93-1480 (La.04/11/94), 634 So.2d 1180. Summary judgments are now favored. La. C.C.P. art. 966(A)(2). Nonetheless, both the evidence and all inferences drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in his favor. Willis v. Medders, 2000-2507 (La.12/08/00), 775 So.2d 1049; South Central Bell Telephone Co. v. Sewerage and Water Bd. of New Orleans, 94-1648 (La. App. 4th Cir.03/16/95), 652 So.2d 1090, writ denied, 95-0949 (La.05/19/95), 654 So.2d 1090. Ultimately, the burden of proof remains with the mover who must meet the initial burden of making a prima facie showing of entitlement to summary judgment. Hanover American Ins. Co. v. Trippe Mfg. Co., 37,060 (La.App.2d Cir.04/09/03), 843 So.2d 571, 573 -574, writ denied, 2003-1302 (La.09/05/03), 852 So.2d 1042, citing, Mark Tatum and Judge William Norris, III, |6Summary Judgment and Partial Judgment in Louisiana: The State We’re In, 59 La. L.Rev. 131, 141 (1998).
In the instant case, the trial court found that claimants failed to present any competent evidence to show a factual support for their claims. The record reveals that the trial court gave claimants numerous opportunities to identify any physician or other expert who would link any reported physical problems to the alleged exposure to ammonia. The only physical problems appellants reported were minor sore throats, runny noses, coughs, headaches, and some of the claimants did not even seek an examination by a healthcare provider. Those that did go to the emergency room, failed to make follow up visits. At the next hearing, the trial court found that appellants failed to comply with its directive to produce evidence of actual physical injury and a causal connection between the alleged injuries and the ammonia leak. The trial court did acknowledge that while the appellants produced the affidavit of Dr. LaWanna Gunn-Williams, they failed to establish her qualifications. Dr. Gunn-Williams stated that her evaluation of the appellants revealed fear, fright, and post-traumatic stress disorder or syndrome, but no physical injury. Based on this lack of evidence, the trial court found that the appellants failed to produce factual support of the type of physical injury that would give rise to a cause of action and failed to produce evidence of a causal link between any injury and any alleged negligence of appellees. The trial court noted that appellants failed to produce evidence beyond the “mere allegations of their pleadings that [appellees] were negligent.” The record established that they |7took only one deposition of John Francis Shack-elford, which failed to produce any evidence of fault on the part of any appellees beyond mere allegations. The trial court concluded that the appellants failed to produce evidence that would create a genuine issue of material fact on the issue of liability as well and granted the motion for summary judgment.
A careful review of the record confirms the rationale given by the trial court. Based on the fact that two years elapsed since appellants were ordered to submit discovery and that the trial court gave appellants numerous opportunities to produce competent discovery, which directives were ignored, we find that the trial court’s decision to grant the motion for summary judgment was clearly within its discretionary power and no manifest error was committed in the timing of its ruling on the motion.
*230 Costs of this appeal are assessed to appellants.
AFFIRMED.

. In Banks v. New York Life Insurance Company, 1998-0557 (La.07/02/99), 737 So.2d 1275, cert. denied, 528 U.S. 1158, 120 S.Ct. 1168, 145 L.Ed.2d 1078 (2000), the Louisiana Supreme Court acknowledged that federal jurisprudence may be relied upon as persuasive precedent due to the similarity between the Louisiana and Federal Rules of Civil Procedure on this subject.