82 So.3d 1234 (2012)
Kieta ALEXANDER, et al.
v.
NORFOLK SOUTHERN CORPORATION, et al.
No. 2011-C-2793.
Supreme Court of Louisiana.
March 9, 2012.
*1235 PER CURIAM.
Defendants seek review of a judgment certifying this matter as a class action. For the reasons that follow, we grant defendants' writ and reverse the judgment of certification.

FACTS AND PROCEDURAL HISTORY
This matter arises out of a chemical spill from a railroad tank car which occurred on September 18, 2001 in the City of New Orleans. The New Orleans Fire Department investigated and determined ethyl acrylic fumes were leaking from valves on two railroad cars that had been parked for less than an hour while waiting for another train. The fire department tightened the valves, and the trains were permitted to leave. No evacuation was called. Approximately twenty people were treated and released at the scene for exposure to the chemical, and hundreds of others complained about eye, nose, throat, and respiratory irritations, as well as a noxious smell.
Subsequently, plaintiffs filed the instant class action suit against several railroad and chemical companies. After a hearing, the district court granted certification. The court of appeal affirmed the district court's judgment in an opinion not designated for publication. Defendants now seek review of that ruling.

DISCUSSION
La.Code Civ. P. art. 591(A) sets forth several requirements for establishing a class action, namely numerosity, commonality, typicality, adequacy of the representative, and objectively definable class. Additionally, La.Code Civ. P. art. 591(B)(3) provides "[t]he court [must find] that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." We have explained that "the predominance requirement is more demanding than the commonality requirement, because it `entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class,' a process that ultimately `prevents the class from degenerating into a series of individual trials.'" Dupree v. Lafayette Ins. Co., 09-2602 (La.11/30/10), 51 So.3d 673 (quoting Brooks v. Union Pacific R. Co., 08-2035, p. 19 *1236 (La.5/22/09), 13 So.3d 546, 560). Recently, in Price v. Martin, 11-0853, p. 10 (La.12/6/11), 79 So.3d 960, we held that in order for a case to proceed as a class action, "there must be `significant proof,' subject to `rigorous analysis,' of a common questionone where the `determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" (quoting Wal-Mart Stores, Inc. v. Dukes, ___ U.S. ___, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011)).
In the instant case, the district court made a finding that "common issues of law and fact include: whether the chemicals released from the defendants' tank cars were capable and did in fact cause the alleged damages to the plaintiffs; whether the defendants' negligence caused damage to the class members." The court reasoned that resolution of these issues "would affect all or a significant number of putative plaintiffs."
However, the district court failed to take into account undisputed evidence in the record demonstrating that any determination of damages will be dependent upon proof of facts individual to each putative class member. In particular, Dr. Marcus Iszard, plaintiffs' toxicologist, testified that only those individuals with a unique susceptibility to ethyl acrylate would exhibit physical symptoms at the extremely low concentrations involved in the release, that this susceptibility would manifest itself in less than .1 percent of any given population, and determining whether any particular person was within this microcosm of the population would require an entirely individualized understanding of each person's health, medical history, records, and other variables impacting exposure. In addition, Dr. Iszard testified that the dose of exposure would be impacted by important individual variables, such as the specific location of the plaintiff at the time of the exposure, and whether the plaintiff moved from location to location during the exposure. Similarly, the defense toxicologist, Dr. Wernke, testified the symptoms complained of by the plaintiffs, such as irritation of the eyes and nose, respiratory irritation, coughing, nausea, and vomiting, are not specific or unique to ethyl acrylate exposure, but are common symptoms with a myriad of causes.
Given this testimony, it is clear that each member of the proposed class will necessarily have to offer different facts to establish liability and damages. Certification under these facts would create precisely the situation we cautioned against in Brooks, i.e., the class would degenerate into a series of individual trials.
In summary, we conclude the district court erred in finding common issues of law and fact predominated for purposes of La.Code Civ. P. art. 591(B)(3). Therefore, the district court erred in certifying a class under these facts.[1]

DECREE
For the reasons assigned, the writ is granted. The judgment of the court of appeal affirming the judgment of certification is reversed. The case is remanded to the district court for further proceedings.
JOHNSON, J., dissents and would deny the writ.
KNOLL, J., dissents and would deny the writ.
*1237 JOHNSON, J. dissents.
I dissent from the per curiam and would deny the writ.
KNOLL, J., dissents.
I dissent from the per curiam and would deny the writ.
NOTES
[1] Because we do not believe plaintiffs satisfied the predominance requirement, we need not reach the question of whether plaintiffs could meet the other requirements for certifying a class action. However, we note Dr. Iszard's testimony that symptoms of exposure to low levels of ethyl acrylate would manifest itself in less than .1 percent of any given population, which raises serious questions as to whether plaintiffs could satisfy the numerosity requirement.