JAMES F. McKAY III, Judge.
| jin this toxic exposure case, the defendants, Union Carbide Corporation, the Dow Chemical Company and the State of Louisiana through the Department of Environmental Quality, appeal the trial court’s granting of class certification. We affirm.
FACTS AND PROCEDURAL HISTORY
In the early morning hours of July 7, 2009, tank 2310 at Union Carbide Corporation’s facility in Taft, Louisiana experienced an unexpected release of a chemical known as ethyl acrylate. In response, the St. Charles Parish Department of Emergency Preparedness initiated a road closure and evacuated residents within a two mile stretch east of the facility. Numerous residents and visitors in St. Charles, Orleans, and Jefferson Parishes also complained of odors and physical symptoms throughout the day.
On July 29, 2009, Sheila Guidry filed a lawsuit in Orleans Parish against Dow Chemical and the Department of Environmental Quality (DEQ).[1] On July 30, 2009, she amended her petition to include class allegations on behalf of a proposed 12class. She amended her petition a second time on August 6, 2009, naming Union Carbide as a defendant.
On June 9, 2010, Ms. Guidry filed a motion for class certification, seeking to certify the class as follows:
Persons throughout Louisiana who were exposed to a release of any chemical by Defendants DOW and Union Carbide on or around July 7, 2009 and said release caused to that person personal injuries, emotional distress, loss of income, or the loss of the beneficial use, enjoyment, and exclusive possession of their property, or any other damages provable at the trial of this matter.
On May 12, 2011, prior to the class certification hearing, the plaintiffs filed a motion to substitute class representative. The trial court granted this motion and removed Ms. Guidry and replaced her with Ramona Alexander, Vanessa Wilson and Melissa Berniard.
The class certification hearing took place on May 16 through 17, 2011. Both sides presented evidence concerning what took place on July 7, 2009 and in its aftermath. The plaintiffs’ expert toxicologist, Dr. Patricia Williams testified that it was more *903 probable than not that the symptoms alleged by the class were caused by the chemical release from the Union Carbide facility and that the symptoms of the class members that she sampled were consistent with her findings of general causation. The defense introduced samplings made by the DEQ. After considering the evidence presented, the trial court found that the plaintiffs had met their burden of proof and had established all of the elements of La. C.C.P. art. 591 et. seq. for class certification. Accordingly, the trial court granted class certification. It is from this judgment that the defendants now appeal.
I «DISCUSSION
On appeal, the defendants raise the following assignments of error: 1) the trial court committed legal error because predominance and superiority requirements of class certification are not satisfied as required by La. C.C.P. art. 591(B)(3) and well defined Supreme Court jurisprudence[2]; 2) the trial court committed error in certifying a class in this matter because the requirements of numerosity and ascertainability are not satisfied— 1.e., the plaintiffs have not shown evidence of an identifiable group of people who have been aggrieved that comports with certification of a multi-parish class; and 3) the trial court committed legal error in certifying a class without adequate representatives.
In reviewing a judgment on class certification, the district court’s factual findings are subject to the manifest error standard, while the court’s ultimate decision regarding whether to certify the class is reviewed under the abuse of discretion standard. Price v. Martin, 2011-0853 (La.12/6/11), 79 So.3d 960, 968. “Implicit in this deferential standard is recognition of the essentially factual basis of the certification inquiry and of the district court’s inherent power to manage and control pending litigation.” Dupree v. Lafayette Ins. Co., 2009-2602 (La.11/30/10), 51 So.3d 673, 681. A trial court has wide discretion in deciding whether or not to certify a class. Id. (citing Chiarella v. Sprint Spectrum LP, 2004-1433 (La.App. 4 Cir. 11/17/05), 921 So.2d 106, 118). The reviewing court looks to whether the trial court’s findings are reasonable and not whether it would have |4decided the case differently. Howard v. Union Carbide Corp., 2009-2750 (La.10/19/10), 50 So.3d 1251. Furthermore, reviewing courts should also consider that any error to be made in deciding class action issues should be in favor of and not against maintenance of the class action, because a class certification order is subject to modification if later developments during the course of trial so require. Chalona v. Louisiana Citizens Property Ins. Corp., 2008-0257 (La.App. 4 Cir. 6/11/08), 3 So.3d 494, 500 (citing McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612, 620 (La.1984)).
Louisiana Code of Civil Procedure Article 591, which deals with the prerequisites for maintainable class actions; states:
A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that join-der of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
*904 (4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
(1) The prosecution of separate actions by or against individual members of the class would create a risk of:
(a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(b) Adjudications with respect to individual members of the class which would as a practical matter be dis-positive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final | finjunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
(d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or
(4)The parties to a settlement request certification under Sub-paragraph B(3) for purposes of settlement, even though the requirements of Subparagraph B(3) might not otherwise be met.
C. Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class. However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.
La. C.C.P. art. 591.

Predominance and Superiority

In their first assignment of error, the defendants contend that the trial court *905 committed legal error by granting class certification because the predominance and superiority requirements were not satisfied. To meet the common cause requirement, each member of the class must be able to prove individual causation based on the same set of operative facts and law that would be used by any other member to prove causation. Price v. Martin, supra. In the instant case, each member of the class was a resident or visitor to St. Charles, Orleans, or Jefferson Parishes on July 7, 2009, and was subject to exposure of ethyl acrylate, which was | (¡released from the Union Carbide facility in Taft. The class members complained of odors and physical symptoms. Accordingly, the class members were injured by the same substance as a result of the same negligent conduct by the same defendants. Therefore, there exists a common nucleus of operative facts that justifies allowing the class to proceed.
An inquiry into predominance tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation. Brooks v. Union Pacific R. Co., 2008-2035 (La.5/22/09), 13 So.3d 546, 554. Louisiana Code of Civil Procedure Article 591(B)(3) requires plaintiffs to establish only that either common issues of law or common issues of fact predominate over any issues affecting only individual members. In the instant case, members of the class all complained of an odor that was caused by the leak of ethyl acrylate at Union Carbide’s Taft facility on July 7, 2009. They all had similar physical conditions that ranged from respiratory problems to eye and skin irritation as well as nausea and anxiety. Based on these facts, the trial court properly concluded that both common questions of law and fact predominated.
When a common character of rights exists, a class action is superior to other available adjudicatory methods in effectuating substantive law, and promoting judicial efficiency and individual fairness. Judicial economy is a major factor to consider in determining whether a class action is superior to other methods of adjudication. Mathews v. Hixson Bros., Inc., 2003-1065 (La.App. 3 Cir. 2/4/04), 865 So.2d 1024. In the instant case, considering the large number of putative class members and the limited dollar amount of damages at issue, it would not be practical for the class members (or the courts) to pursue individual lawsuits versus 17the class action method. Accordingly, we find no error in the trial court’s finding that the predominance and superiority requirements were satisfied.

Numerosity and Ascertainability

In their second assignment of error, the defendants contend that the trial court erred in certifying a class because the requirements of numerosity and ascertain-ability were not satisfied. Louisiana Code of Civil Procedure Article 591(A) provides that the class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the eonclusiveness of any judgment that may be rendered in the case. See Chalona v. Louisiana Citizens Property Ins. Corp., 2008-0257 (La.App. 4 Cir. 6/11/08), 3 So.3d 494. In the instant case, the trial court defined the class as follows:
The class consists of those persons living or located in the following described geographic areas: starting at the northwest corner of the class boundary, included in postal zip code 70068 in St. John the Baptist Parish, proceeding eastward along Lake Pontchartrain to postal zip code 70065, located in Jefferson Parish, and further eastward to postal zip code 70117, located in Orleans *906 Parish; and proceeding from the southwest corner of the class boundary, included in postal zip code 70057 in St. Charles Parish, then proceeding further southeast to postal zip code 70031, then proceeding further eastward to postal zip code 70094 in Jefferson Parish, and then east/northeast to postal zip code 70117 in Orleans Parish, and all areas included in between those points; and who were present in these locations for some time, from 4:30 am on July 7, 2009, until 3:30 pm on July 8, 2009, and who experienced the physical symptoms which include any or all of the following — eyes, nose, throat irritation, coughing, choking or gagging, or nausea, or headaches, dizziness, trouble breathing or other respiratory issues, as a result of their exposure to Ethyl Acrylate or other chemical substance released from tank 2310 at Union Carbide Corporation’s Taft, Louisiana Facility. Those persons living or located in those geographic areas and who experienced any of these physical symptoms will constitute the class and will be bound by the decision in this case.
|sThe above class definition adopted by the trial court is clearly ascertainable. It is limited to a particular geographic area and only includes individuals who suffered from certain symptoms.
Generally, a class action is appropriate whenever interested parties appear to be so numerous that separate suits would unduly burden courts and a class action would clearly be more useful and judicially expedient than other available procedures. Johnson v. Orleans Parish School Bd., 2000-0825, 2000-0826, 2000-0827, 2000-0828 (La.App. 4 Cir. 7/27/01), 790 So.2d 734. The determination for class certification is based in part upon the number of putative class members, but is also based upon considerations of judicial economy in avoiding a multiplicity of lawsuits, financial resources of class members, and the size of the individual claims. Husband v. Tenet HealthSystems Memorial Medical Center, Inc., 2008-1527, 2009-0002 (La.App. 4 Cir. 8/12/09), 16 So.3d 1220. In the instant case, because of the sheer size of the putative class and for the sake of judicial efficiency and economy as discussed earlier, the numerosity requirement is met.

Adequacy of Representation

According to La. C.C.P. art. 591(A)(3), the “typicality requirement for class certification is satisfied if the claims of the class representatives arises out of the same event, practice, or course of conduct giving rise to the claims of the other class members, and are based on the same legal theory.” Boyd v. Allied Signal, Inc., 2003-1840 (La.App. 1 Cir. 12/30/04), 898 So.2d 450, 464. In the instant case, the trial court determined that Ramona Alexander, Vanessa Wilson and Melissa Bern-iard constituted typical and adequate representation of the class, based upon the fact that the claims or defenses of the representative parties were typical of the claims or defenses of the class.
|flOn July 7, 2009, all three of the class representatives were located within the defined geographical boundaries of the class and had typical complaints of the constituency of the class. Melissa Berniard was at her home in Orleans Parish, postal zip code 70125. When she woke up that morning, she observed a foul smell and experienced irritation of the eyes, headaches, nausea and anxiety. Ramona Alexander was in Hahnville in St. Charles Parish. She smelled a strong odor which caused her to vomit. She also experienced a burning sensation in her eyes, throat irritation, skin irritation, and shortness of breath. Vanessa Wilson was initially in *907 Waggaman in Jefferson Parish. When she awakened, a foul odor caused irritation to her eyes, nausea, skin irritations, coughing, sore throat and shortness of breath. She later went to Avondale, also in Jefferson Parish, where the smell persisted and her symptoms worsened. Finally, she went to St. Charles Parish, where she witnessed her mother vomit and complain of burning in her eyes.
Although the defendants allege that there is an apparent conflict with Melissa Berniard serving as a class representative for a class represented by her husband as class counsel, they offer no law or jurisprudence to support this allegation. The only cases they cite deal with a class counsel who also attempts to serve as a class representative.[3] Accordingly, there is nothing to prevent Melissa Berniard from serving as a class representative in this case. As such, venue would be proper in Orleans Parish. Therefore, we find no error in the trial court’s finding that Melissa Berniard, Ramona Alexander and Vanessa Wilson were adequate representatives for the class as they all had similar complaints arising out of the same occurrence as the class in general.
| ^CONCLUSION
For the above and foregoing reasons, we find no abuse of discretion in the trial court’s granting of class certification in this case. Accordingly, we affirm its judgment.
AFFIRMED

. Numerous other lawsuits involving this chemical release have been filed.

. Dupree v. Lafayette Ins. Co., 2009-2602 (La. 11/30/10), 51 So.3d 673; Price v. Martin, 2011-0852 (La.12/6/11), 79 So.3d 960; and Alexander v. Norfolk Southern Corp., 2011— 2793 (La.3/9/12), 82 So.3d 1234.

. Phillips v. Joint Legislative Committee on Performance and Expenditure Review, 637 F.2d 1014 (5th Cir. 1981); Zylstra v. Safeway Stores, Inc., 578 F.2d 102 (5th Cir.1978).